naturally we do not like to resort unless absolutely compelled.

" The other method which we prefer is to appeal to a man in authority like yourself. We honestly believe that a word from you will make her realize the unfairness of withholding payment on a just obligation.

" Thanking you in advance for any assistance you may give us on this matter, we are

" Very truly yours,
" P. PERLIN,
" UNEEDA CREDIT CLOTHING CO."

The Appellate Division held that the communication was libelous *per se*, in view of a prior communication from defendants to plaintiff threatening to make trouble for her in the event she did not pay their bill.

*Benjamin Reass* and *Sylvia Usefof* for appellants.
*Frederick G. Rita* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

LOUIS PELLICH, Respondent, *v.* AMERICAN YELLOW TAXI OPERATORS CORPORATION, Appellant.

*Negligence — motor vehicles — pedestrian struck by automobile at street crossing.*

*Pellich* v. *Am. Yellow Taxi Operators Corp.*, 220 App. Div. 815, affirmed.

(Argued November 23, 1927; decided December 13, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff while crossing Thirty-second street at its intersection with Second avenue in the city of New York was struck by

one of defendant's taxicabs and received the injuries complained of.

*Lyman A. Spalding* for appellant.

*Charles R. Coulter* and *Harry A. Gair* for respondent.

Judgment affirmed, with costs; no opinion.

Concur· CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

HOWARD T. SAPERSTON, as Trustee in Bankruptcy of WOODWARD MOTOR COMPANY, INC., Respondent, *v.* NATIONAL BOND AND INVESTMENT COMPANY, Appellant.

*Bankruptcy — debtor and creditor — preference — action by trustee in bankruptcy to recover money paid on unsecured debt by insolvent corporation.*

*Saperston* v. *Nat. Bond & Investment Co.,* 219 App. Div. 761, affirmed.

(Argued November 23, 1927; decided December 13, 1927.)

APPEAL from a judgment, entered January 15, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff. The complaint alleged that on August 8, 1924, the petition in involuntary bankruptcy was filed; that the adjudication was on August 15, 1924, and plaintiff was appointed trustee on August 29, 1924; that from July 10 to July 29, 1924, the bankrupt transferred money to defendant in payment of an unsecured debt; that such transfer enabled defendant to obtain and operated as a preference, and that defendant had reasonable cause to believe that the transfer operated as a preference. The complaint also alleged that the transfer was made with intent to hinder, delay and defraud creditors and not in good faith for present fair consideration. Defendant claimed that the money paid it was in restitution of money stolen from it by the bankrupt.